No. 96-3918

JLT MOBIL BUILDING LIMITED    *
PARTNERSHIP, a Minnesota limited *
partnership; GERALD L. TROOIEN,  *
                                 *
            Plaintiffs-Appellants, *  Appeal from the United States
                                 *  District Court for the
     v.                          *  District of Minnesota.
                                 *
606 VANDALIA PARTNERSHIP, a      *  [NOT TO BE PUBLISHED]
Minnesota partnership;           *
RESOLUTION TRUST, as Receiver    *
for Midwest Savings Association, *
F.A.,                            *
                                 *
            Defendants-Appellees,  *
                                 *
BEI REAL ESTATE SERVICES/RITZ    *
ADVISORY SERVICES, JOINT         *
VENTURE; AMRESCO MANAGEMENT,     *
Formerly known as BEI            *
Management, Inc., a Texas        *
corporation; BEI REAL ESTATE     *
SERVICES, INC., a Georgia        *
corporation; TOWLE REAL ESTATE   *
COMPANY, a Minnesota             *
corporation,                     *
                                 *
            Defendants.          *

Submitted:  June 12, 1997

Filed:    August 15, 1997

Before LOKEN, REAVLEY[*] and JOHN R. GIBSON, Circuit Judges.

---

[*]The HONORABLE THOMAS M. REAVLEY, United States Circuit  Judge
for the United States Court of Appeals, Fifth  Circuit, sitting by
designation.

PER CURIAM.

The judgment of the district court[1] is affirmed. All claims of appellants have been resolved by prior litigation, or by prescription or lack of merit. Specifically:

1. JLT claims that 606 Vandalia owes for the rents 606 Vandalia collected between June of 1992 and May of 1994. The state and federal courts have held that 606 Vandalia, as vendor on its contract for deed, was entitled under Minnesota law to the rent until the contract was terminated. There was no termination until May 5, 1994.

    JLT does not contest that but claims that equity should require that 606 Vandalia reimburse it for the amount it had to pay to redeem the property equal to the amount of the rent collected during those two years.

    JLT's claim is based entirely on what transpired in a prior lawsuit, initiated by RTC to foreclose mortgages on the property. All of the parties to the present action were parties there. Most of the activity was between 606 Vandalia and RTC. JLT was the mortgagor of the mortgages RTC held, and JLT was the vendor under the contract for deed with 606 Vandalia. That contract required JLT to keep payments on the mortgage current, but JLT defaulted. 606 Vandalia ceased making payment on its contract for deed when it learned of JLT's default. In the lawsuit RTC obtained a court order for 606 Vandalia to make its contract payment into court, but 606 Vandalia refused to do so until the court made it clear that the payments were to be credited on the particular

---

[1]The Honorable James M. Rosenbaum, United States District Court for the District of Minnesota.

mortgage that was senior in interest to the contract for deed. In June 1992 the court ordered 606 Vandalia to pay on its contract or to Towle, as receiver. The court expressly authorized the receiver to collect the rent directly, but not until the contract for deed was canceled.

JLT did not object to this order and cannot now argue that the receiver should have collected the rent directly. JLT simply says that it was entitled to assume that 606 Vandalia was paying money to the receiver. However, the court's order required the receiver to post bond prior to confirmation, and this was never done until JLT waived the bond requirement and obtained confirmation of the receiver's appointment in May of 1994.

Who lost and who gained by the two year delay in activation of this receivership, we cannot say. But we can say that JLT should have pursued its rights, if any it had, in that proceeding, and it demonstrates no equitable ground for a recovery in the present suit.

2. JLT also claims that 606 Vandalia is liable for tortious interference with JLT's prospective economic advantage to purchase assets from RTC. We have several difficulties with that claim. Surely 606 Vandalia was entitled to protect its own interest in the property, and the record shows nothing more. Further, we fail to see an issue of economic opportunity for JLT, guilty of multiple defaults on debts owed to RTC. But the easiest answer is the one the district court gave. The claim is an intentional tort, a personal wrong barred by the two-year statute of limitations.

3.     Finally, JLT claims that RTC violated a duty to it in delaying foreclosure and in allowing the receivership to remain inactive.  Actually, there was no receivership while RTC owned the note and mortgage.  As for the foreclosure delay, the RTC is a federal instrumentality with a specific mission to protect creditors and public funds, and it is not responsible to protect any particular debtor or to see that a court receiver does so.  Again, JLT was a party to the court proceeding where the receivership and foreclosure were pending, and there was where it should have pursued the complaints it makes now.

Affirmed.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.